IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFONSO JUAREZ, MARIA JUAREZ INDIVIDUALLY AND A/N/F K.A.J, A MINOR<br>*Plaintiffs*<br><br>VS.<br><br>SCRIBNER GRAIN & LUMBER COMPANY & WARREN L. SCHLECHT<br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 8:26-cv-38<br><br><br><br><br>**COMPLAINT** |

Plaintiffs, Alfonso Juarez and Maria Juarez Individually and a/n/f K.A.J., a Minor, hereinafter referred to by name or as Plaintiffs, for their cause of action against Defendants, state and allege:

## I.
## Parties and Service

1. Plaintiff, Alfonso Juarez, is an individual residing in Cameron County, Texas and brings this action individually.

2. Plaintiff, Maria Juarez, is an individual residing in Cameron County, Texas and brings this action individually and as next friend of K.A.J., a minor.

3. Defendant Scribner Grain & Lumber is a domestic corporation headquartered in Scribner, Nebraska authorized to conduct business in the State of Nebraska.

4. Defendant Warren L. Schlecht is an individual residing in the state of Nebraska.

## II.

1

## Jurisdiction and Venue

5. This court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $1,000,000.00, excluding interest and costs.

6. Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose in Dodge County, Nebraska.

7. Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## III.
## Factual Background

8. On January 22, 2024, Plaintiff, Alfonso Juarez, was the restrained driver of a Ford F-150, operating his vehicle in a safe and prudent manner with Maria Juarez and A.K.J., a minor, as his restrained passengers. Mr. Juarez was traveling outside Scribner city limits, in Dodge County, Nebraska.

9. At said date, time, and location, Plaintiff's vehicle was suddenly and unexpectedly struck by Defendant Warren L. Schlecht, who was negligently operating a 2006 Freightliner Conventional tractor-trailer while he was in the course and scope of his employment with Defendant Scribner Grain & Lumber Company at the time of the wreck.

10. The Defendants' conduct was more than ordinary negligence it was reckless, wanton behavior that was done with conscious indifference to the rights, safety, and welfare of others.

11. As a direct and proximate result of the collision, Plaintiffs have suffered physical and emotional injuries and damages. As a result of the physical and emotional injuries, Plaintiffs have incurred reasonable and necessary medical expenses and, in all probability, will continue to incur reasonable medical expenses well into the future.

12. At the time of the collision, Defendant Schlecht was an employee of Defendant Scribner Grain and was acting within the course, scope, and in furtherance of his employment. Pleading further and in the alternative, Defendant Schlecht was a statutory employee under the Statutory Employee Doctrine. In this regard, an interstate motor carrier such as Defendant Scribner Grain is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997). As a result, Defendant Scribner Grain had exclusive control of the tractor-trailer combination operated by Defendant Schlecht, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). Thus, Defendant Scribner Grain is vicariously liable, as a matter of law under the Federal Motor Carrier Safety Regulations for all negligent acts and/or omissions committed by Defendant Schlecht.

13. Alternatively, Defendant Scribner Grain is vicariously liable with respect to all negligent acts and/or omissions by Defendant Schlecht under traditional common-law doctrines of the master-servant relationship and respondeat superior.

**IV.**

## Cause of Action Against Defendant Warren L. Schlecht

14. Plaintiffs incorporate all previous paragraphs by reference.

15. Defendant Scribner Grain is the party responsible for the actions of its employee, Defendant Schlecht, who was acting within the course and scope of his employment.

16. Under the doctrine of respondeat superior, Defendant Scribner Grain, is vicariously liable for the actions of its employee, Defendant Schlecht, while in the course and scope of his employment.

17. The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant Scribner Grain's employee in one or more of the following particulars:

   a. In that Defendant Schlecht failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b. In that Defendant Schlecht failed to drive at a speed that is reasonable and prudent under the circumstances in violation of Nebraska Revised Statute § 60-6,185.

   c. In that Defendant Schlecht failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiffs' motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

d. In that Defendant Schlecht failed to apply his brakes to his motor vehicle in a timely and prudent manner;

e. In placing Plaintiffs in a position of peril due to Defendant Schlecht's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity under Nebraska Revised Statute § 60-6,213

f. In failing to control his speed or take evasive action to avoid colliding with Plaintiff's vehicle;

g. In failing to use the tractor's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision;

h. Defendant Schlecht operated his vehicle in violation of hours-of-service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

i. Defendant Schlecht failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

j. Defendant Schlecht failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

k. Defendant Schlecht operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

l. Defendant Schlecht failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

  m. Defendant Schlecht drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R 391.15.

18. Plaintiffs' injuries were proximately caused by Defendant Schlecht's negligent, careless and reckless disregard of said legal duties.

19. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## V.
## Cause of Action Against Scribner Grain & Lumber Company : RESPONDEAT SUPERIOR

20. Plaintiffs incorporate all previous paragraphs by reference.

21. Defendant Scribner Grain is liable under the doctrine of *respondeat superior* in that Defendant Schlecht was operating the vehicle in the course and scope of his employment with Defendant Scribner Grain at the time of the collision, and Defendant Schlecht was engaged in the furtherance of Defendant Scribner Grain's business.

22. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Schlecht was engaged in accomplishing a task for which Defendant Schlecht was employed. Thus, Plaintiffs invoke the legal doctrine of *respondeat superior* against Defendant Scribner Grain.

## VI.

## Damages for Alfonso Juarez

23. Plaintiffs incorporate all previous paragraphs by reference.

24. As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, ALFONSO JUAREZ, sustained personal injuries which have resulted in losses and damages recoverable by law.

25. Plaintiffs would respectfully request the Court to determine the amount of loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damage, provided by law, that Plaintiffs are entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries and damages and losses incurred and to be incurred in the future.

26. From the date of the incident in question until the time of trial of this case, those elements of damage to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, ALFONSO JUAREZ, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are

      reasonable and were usual and customary charges for such services;

  b. Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

  c. The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

  d. The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

27. From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

  a. The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

  b. Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

  c. The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily

    would have been able to perform in the future beyond the time of trial;

 d. Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

 e. The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

 f. All other damages allowed at law or in equity.

## VII.
## Damages for Maria Juarez

28. Plaintiffs incorporate all previous paragraphs by reference.

29. As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Maria Juarez, sustained personal injuries which have resulted in losses and damages recoverable by law.

30. Plaintiffs would respectfully request the Court to determine the amount of loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damage, provided by law, that Plaintiffs are entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries and damages and losses incurred and to be incurred in the future.

31. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Maria Juarez, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in;

    b. Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    c. The damage resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

    d. The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

32. From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

    a.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    b.    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    c.    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    d.    Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

    e.    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

    f.    All other damages allowed at law or in equity.

## VIII.
## Damages for Maria Juarez a/n/f A.K.J.

33. Plaintiffs incorporate all previous paragraphs by reference.

34. As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, MARIA JUAREZ A/N/F A.K.J., sustained personal injuries which have resulted in losses and damages recoverable by law.

35. Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damage, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

36. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, MARIA JUAREZ A/N/F A.K.J., for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

      c.      The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

      d.      The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

37.    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

      a.      The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

      b.      Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

      c.      The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

      d.      Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

  e. The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

  f. All other damages allowed at law or in equity.

## IX.
## Interest on Damages

38. Plaintiffs incorporate all previous paragraphs by reference.

39. To the extent provided by law, Plaintiffs further plead for *pre* and *post* judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

## X.
## Jury Demand

40. Plaintiffs request a trial by jury on all claims and that the trial of this matter occur in Omaha, Nebraska.

## PRAYER

WHEREFORE, Plaintiff, Alfonso Juarez, Maria Juarez individually and a/n/f A.K.J., respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court;

and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Dated: January 27, 2026.

        ALFONSO JUAREZ, MARIA JUAREZ, INDIVIDUALLY, AND A/N/F K.A.J, A MINOR, Plaintiffs

By: REMBOLT LUDTKE LLP
   1128 Lincoln Mall, Ste. 300
   Lincoln, NE 68508
   (402) 475-5100

By: /s/*Robert S. Keith*
   Peter C. Wegman (#16685)
   pwegman@remboltlawfirm.com
   Robert S. Keith (#21023)
   rkeith@remboltlawfirm.com
   Mark R. Richardson (#24719)
   mrichardson@remboltlawfirm.com
   Sam D. Colwell (#27560)
   scolwell@remboltlawfirm.com

and

By: LAW OFFICES OF JAVIER VILLARREAL, PLLC
   2401 WILD FLOWER DRIVE, SUITE A.
   BROWNSVILLE, TEXAS 78526
   PHONE: (956) 300-0000
   FACSIMILE: (956) 550-0877

By: */s/ Reggie Blakeley*
   JAVIER VILLARREAL (#30384)
   REGGIE BLAKELEY (#1839054)
   reggie@jvlawfirm.com

*Attorneys for Plaintiffs*

4937-9933-1975, v. 3